UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:12-CV-150-FTM-29DNF

JAMES PORTER, on his own behalf and
On behalf of others similarly situated

      Plaintiff,

vs.

CAMPING WORLD, INC., a Foreign Profit
Corporation; FREEDOMROADS, INC., a Foreign
Profit Corporation; EMERALD COAST RV
CENTERS, LLC, a Foreign Profit Corporation,
d/b/a CAMPING WORLD RV SALES; and
CAMPING WORLD LEASING COMPANY,
LLC, a Foreign Limited Liability Company,

      Defendants.
_____/

**DEFENDANT'S ANSWER AND STATEMENT OF**
**DEFENSES TO AMENDED COMPLAINT**

Defendants CAMPING WORLD, INC. ("Camping World"), EMERALD COAST RV CENTERS, LLC d/b/a CAMPING WORLD RV SALES ("Emerald Coast"), and CAMPING WORLD LEASING COMPANY, LLC ("CWLC") (collectively "Defendants"), hereby answer the Verified Complaint & Demand for Jury Trial (the "Complaint") of Plaintiff JAMES PORTER ("Plaintiff"), as follows:[1]

---

[1] "FreedomRoads, Inc." has not been served. Defendants further assert that Emerald Coast RV Centers, LLC. was Plaintiff's exclusive employer during all times material, and, therefore, Defendants respectfully request that the pleadings be amended to identify the proper Defendant only and all other erroneously named defendants be dismissed.

**INTRODUCTION**

1. Defendants admit only that Plaintiff worked as a Lot Porter at Emerald Coast's RV dealership in Fort Meyers, Florida, and he performed various services in this capacity. Defendants admit that Plaintiff purports to assert claims against Defendants pursuant to the Fair Labor Standards Act (the "Act") of 1938, as amended 29 U.S.C. § 201, et seq. and §448.102, Florida Statutes, et seq. and seeks an award of attorney's fees and costs pursuant to these statutes; however, Defendants deny that they violated these laws in any way and that Plaintiff is entitled to any relief whatsoever.

**JURISDICTION**

2. As to the allegations in Paragraph 2 of the Complaint, Defendants assert that this averment is a statement of law/jurisdiction for which an admission or denial is unnecessary. To the extent that a responsive pleading is required, Defendants deny the allegations that are contained in this averment.

3. As to the allegations in Paragraph 3 of the Complaint, Defendants assert that this averment is a statement of law/jurisdiction for which an admission or denial is unnecessary. To the extent that a responsive pleading is required, Defendants deny that a cause or controversy exists so as to invoke the Court's supplemental jurisdiction. Defendants deny the remaining allegations in Paragraph 3 of Plaintiff's Complaint and expressly deny that such alleged acts or omissions entitle Plaintiff to any relief.

**PARTIES**

4. Defendants lack information that is sufficient to admit or deny the allegations regarding Plaintiff's residency, and, therefore, Defendants deny them. Defendants deny all remaining allegations that are contained in Paragraph 4 of the Complaint.

5.      Defendants admit only that Camping World, Inc. is a foreign for-profit corporation, and it engages in business in Polk, Lee, Santa Rosa, Osceola, and Hillsborough Counties within the State of Florida.  Defendants are without knowledge as to what Plaintiff means by the terms "at all times material" and "among others," and, therefore, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 5 of Plaintiff's Complaint, and, in particular, Defendants deny that Camping World, Inc. is a properly named party in this action.

6.      Defendants deny the allegations in Paragraph 6 of Plaintiff's Complaint.[2]

7.      Defendants admit the allegations contained in the first sentence of Paragraph 7 of Plaintiff's Complaint except that they deny that Emerald Coast is a corporation.  Defendants are without knowledge as to what Plaintiff means by the terms "at all times material" and "among others," and, therefore, deny these allegations.

8.      Defendants admit only that Camping World Leasing Company, LLC is a limited liability company, and it engages in business in the State of Florida.  Defendants are without knowledge as to what Plaintiff means by the terms "at all times material" and "among others," and, therefore, deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 8 of Plaintiff's Complaint, and, in particular, Defendants deny that Camping World Leasing Company, LLC is a properly named party in this action.

9.      Defendants admit only that Plaintiff was an employee of Emerald Coast, as defined by 29 U.S.C. §203 and §448.01, Florida Statutes.  Defendants are without knowledge as to what Plaintiff means by the terms "at all times material," "manual labor" and "other

---

[2] Defendants do not purport to respond to the instant Complaint on behalf of FreedomRoads, Inc., which is not a proper party to this action and which has not been served.

services," and, therefore, denies these allegations. Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendants admit only that Emerald Coast was Plaintiff's employer as defined by 29 U.S.C. §203 and §448.01, Florida Statutes and Plaintiff worked for Emerald Coast. Defendants are without knowledge as to what Plaintiff means by the terms "at all times material," and, therefore, deny the same. Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11. Emerald Coast admits that it was Plaintiff's employer. Defendants are without knowledge as to what Plaintiff means by the terms "at all times material," and, therefore, deny the same. Except as expressly admitted Defendants deny the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendants admit only that Plaintiff was an individual as covered by the FLSA, and, as it relates to his employment with Emerald Coast, he performed work for Emerald Coast that was related to an instrumentality of commerce. Defendants are without knowledge as to what Plaintiff means by the terms "at all times material," and, therefore, deny the same. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendants admit only that Plaintiff performed work that was related and necessary to Emerald Coast's business. Defendants are without knowledge as to what Plaintiff means by the terms "at all times material," and, therefore, deny the same. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 13 of Plaintiff's Complaint.

**STATEMENT OF FACTS**

14.     Defendants admit that Emerald Coast hired Plaintiff in September 2008 to work at their Fort Meyers retail and service facility.  Except as admitted, Defendants expressly deny the remaining allegations in Paragraph 14 of the Complaint.

15.     Defendants admit that Plaintiff's job duties included preparing Emerald Coast's RVs for inspection, pick-up, and delivery and operating a forklift.  Defendants are without knowledge as to what Plaintiff means by the terms "daytime" "miscellaneous janitorial services," and "other manual labor," and, therefore, Defendants deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 15 of the Complaint.

16.     Defendants admit that Plaintiff was compensated on an hourly basis.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 16 of the Complaint.

17.     Defendants admit that Plaintiff performed onsite security duties at Emerald Coast's Fort Meyer's facility.  Defendants are without knowledge as to what Plaintiff means by the terms "nighttime," and, therefore, Defendants deny these allegations.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     Defendants are without knowledge as to what Plaintiff means by the term "nighttime," and, therefore, Defendants deny these allegations.  Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19.     Defendants admit that Plaintiff occasionally worked in excess of forty (40) hours within a workweek.  Defendants are without knowledge as to what Plaintiff means by the terms "at various material times hereto" and "daytime and nighttime work," and, therefore, denies these allegations.  Defendants deny the remaining allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants admit only that Plaintiff was employed by Emerald Coast as a non-exempt employee and non-exempt employees are paid time and a half for hours worked in excess of forty (40) hours per work week.  Defendants are without knowledge as to what Plaintiff means by the terms "at all times material," and, therefore, deny the same. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants admit that Robert Hamill directed Plaintiff to retrieve an RV.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants admit that Plaintiff was instructed to drive an RV vehicle.  Except as expressly admitted, Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants admit that Plaintiff refused to drive the RV vehicle.  Except as expressly admitted, Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants admit only that Plaintiff failed to follow Mr. Hamill's instruction. Except as expressly admitted, Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint, including the subparts (a) – (h).

30. Defendants admit the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint, including those contained in subparts (a) – (b).

34. Defendants are without knowledge to admit or deny the allegations in Paragraph 34, and, therefore, deny them.

## COUNT I
## ALLEGED OVERTIME COMPENSATION

35. Defendants re-aver and re-incorporate by reference its responses to Paragraphs 1, 2, 4 through 21, 33(a), and 34 as though fully set forth herein.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

In response to the unnumbered "WHEREFORE" clause that follows Paragraph 42 of Plaintiff's Complaint, Defendants deny that any case or controversy exists so as to entitle Plaintiff to any relief sought in this clause. Defendants respectfully request that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award Defendants their costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

## COUNT II
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT—UNLAWFUL RETALIATION

43. Defendants re-aver and re-incorporate by reference its responses to Paragraphs 1, 3, 4 through 10, 13 through 18, 22 through 32, 33(b), and 34 as though fully set forth herein.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

In response to the unnumbered "WHEREFORE" clause that follows Paragraph 45 of Plaintiff's Complaint, Defendants deny that any case or controversy exists so as to entitle Plaintiff to any relief sought in this clause. Defendants respectfully request that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award Defendants their costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Defendants deny that a case or controversy exists that entitles Plaintiff to a jury trial.

**STATEMENT OF DEFENSES**

Defendants assert the following Defenses to Plaintiff's claims:

1. Defendants deny each and every allegation not specifically admitted herein.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. Plaintiff was paid for all hours that he reported working.

4. To the extent that Plaintiff failed to report all hours that he worked, he cannot recover for his own deliberate misreporting.

5. To the extent that Plaintiff has spent insubstantial or insignificant periods of time working beyond his scheduled working hours, such time may be disregarded to the extent it cannot as a practical administrative matter be precisely reported for payroll purposes.

6. Defendants acted reasonably and in reliance upon written administrative regulations, orders or rulings to assure full compliance with all applicable requirements of the FLSA.

7. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

8. At all times relevant hereto, Defendants acted reasonably and in good faith in its treatment of Plaintiff, and its actions were part of good faith attempts to comply with the law.

9. Defendants' actions do not constitute knowing and willful violations of the FLSA.

10. The claims contained in the Complaint are barred in whole or in part by the doctrine of laches due to the failure to raise claims in a timely manner.

11. The claims contained in the Complaint are barred in whole or in part by the doctrines of waiver or estoppel, due to in-action and/or failure to act in good faith and with "clean hands."

12. The claims are barred in whole or in part by any applicable statutory exemptions and/or exclusions under the FLSA.

13. The claims are barred in whole or in part as to all hours allegedly worked (i) without Defendants knowledge, (ii) contrary to Defendants instructions or Plaintiff's authority, and/or (iii) in violation of Defendants policies and procedures.

14. The claims for relief contained in the Complaint are barred to the extent the requested remedies are beyond those allowed by the FLSA.

15. The claims for attorneys' fees are barred to the extent such relief is not permitted by law, or to the extent that counsel cannot establish a proper basis for recovering a reasonable fee.

16. Plaintiff's claims are barred to the extent he falsely reported his hours.

17. Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which he was engaged in activities which were preliminary or postliminary to his principal activities.

18. Upon information and belief, Plaintiff's claim for damages is barred, in whole or in part, because Defendant failed to reasonably mitigate his damages.

19. Any actions undertaken with regard to Plaintiff were taken for lawful and legitimate business reasons.

20. Plaintiff's claims and/or damages are barred on the grounds that even if any decision concerning Plaintiff was based, in part, on grounds of unlawful retaliation, and no decision was, Defendant would have reached the same decision based on other legitimate and non-retaliatory reasons.

21. Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine to the extent that discovery shows he engaged in misconduct prior to, during, after, or in connection with his employment, that otherwise would have resulted in his discharge, if such conduct were then known to Defendant

22. Defendants cannot be liable for punitive damages to the extent the challenged employment decisions were contrary to its efforts to comply with anti-retaliation statutes.

23. Defendants allege all other defenses that potentially may become available as a result of information developed throughout the course of this case, and thus Defendant reserves the right to assert new or additional defenses.

DATED this 1st day of May, 2012 in Miami, Florida.

    Respectfully submitted,

By: */s/Jonathan A. Beckerman*
    Jonathan A. Beckerman
    Florida Bar No. 0568252
    E-mail: jabeckerman@littler.com
    LITTLER MENDELSON, P.C.
    One Biscayne Tower, Suite 1500
    Two South Biscayne Blvd.
    Miami, FL  33131
    Tel:  (305) 400-7500
    Fax: (305) 603-2552
    *COUNSEL FOR DEFENDANTS CAMPING WORLD, INC., EMERALD COAST RV CENTERS, LLC & CAMPING WORLDLEASING COMPANY, LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 1st day of May 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Jonathan A. Beckerman*
Jonathan A. Beckerman, Esq.

**SERVICE LIST**
*James Porter, et al. v. Camping World, Inc., et al.*
Case No. 2:12-cv-150-FTM-29DNF
United States District Court, Middle District of Florida

Christina J. Thomas, Esq.
E-Mail: cthomas@forthepeople.com
MORGAN & MORGAN, P.A.
6824 Griffin Road
Davie, FL 33314
Telephone: (954) 318-0268
Facsimile:  (954) 333-3515

*Counsel for Plaintiff*
*(Served via transmission of Notices of*
*Electronic Filing generated by CM/ECF)*

Jonathan Beckerman, Esq.
E-Mail: jbeckerman@littler.com
LITTLER MENDELSON, P.C.
One Biscayne Tower – Suite 1500
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 400-7500
Facsimile:  (305) 603-2552

*Counsel for Defendants Camping World, Inc.,*
*Emerald Coast RV Centers, LLC & Camping*
*World Leasing Company, LLC*
*(Served via transmission of Notices of*
*Electronic Filing generated by CM/ECF)*

Firmwide:111073451.1 064774.1039